IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D-JUAN OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 7568 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| P.O. ELLISON, P.O. KELLY, Individually and the CITY OF HARVEY, a municipal corporation, | ) ) ) | Magistrate Judge Soat Brown |
| | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION IN LIMINE #1
### TO BAR ANY ARUGMENT OR IMPLICATION THAT A "CONSPIRACY"
### EXISTED AND EVIDENCE REGARDING "CODE OF SILENCE" OR "BLUE WALL"

Now comes the Defendants, Steven Kelley, Joseph Ellison, and the City of Harvey, through their undersigned attorneys, and for their Motion in Limine to Bar any Argument or Implication that a Conspiracy Existed and Evidence Regarding a "Code of Silence" or "Blue Wall", states:

### INTRODUCTION

Defendants seek an Order from this Court excluding Plaintiff, D-Juan Owens, and his counsel from providing any testimony, evidence and argument that a conspiracy existed. Plaintiff has not alleged the existence of a conspiracy in this case, nor is there any evidence to support such allegations. Further, there are no allegations nor evidence of a police "code of silence", or that police officers cover up for other police officers, i.e. "a blue wall". Plaintiff will seek to introduce speculative testimony and arguments that the Harvey police officers conspired, initiated a "code of silence", and/or covered up for other police officers. This testimony from

Plaintiff and arguments thereof are inadmissible because they are irrelevant, unfairly prejudicial, completely speculative, and lacks any foundation whatsoever. Fed. R. Evid. 401, 402, 403.

## LEGAL DISCUSSION

### Implications that a Conspiracy Existed Should be Barred

Defendants seek to bar Plaintiff from arguing or testifying that any conspiracy or otherwise inappropriate coordination of action existed in the Harvey Police Department or with the defendant officers. Plaintiff is not alleging the existence of a conspiracy in the present case, nor is there any evidence to support such allegations. Evidence of a conspiracy "cannot be speculative". Martinez v. City of Chicago, No. 14-cv-369, 2016 U.S. Dist. LEXIS 84231, at *9 (N.D. Ill. June 29, 2016). This evidence is therefore irrelevant under the Federal Rule of Evidence 401, which defines relevance as evidence having "any tendency to make a fact more or less probable than it would without the evidence and the fact is of consequence in determining the action." Evidence which is not relevant is not admissible. See Ill. R. Evid. 402. Since the evidence is irrelevant to the present case, it is therefore inadmissible.

Where no direct evidence of an agreement or conspiracy exists, circumstantial evidence presented as proof of a conspiracy is susceptible to more than one interpretation because the facts and circumstances relied upon may be "'as consistent with innocence as with guilt.'" McClure v. Owens Corning Fiberglas Corp., 188 Ill. 2d 102, 140, 720 N.E.2d 242, 261 (1999). Therefore, not only is the evidence irrelevant to the present case, but there is obvious potential for prejudice to the Defendants if Plaintiff was allowed to make arguments and speculate regarding these volatile issues. The evidence may be excluded when "its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusion of the issues, [or] misleading to the jury…". Fed. R. Evid. 403. The only way to prevent unfair

2

prejudice would be to bar Plaintiff from making any reference to or insinuate a "conspiracy", "cover up", or other improper agreement involving the defendant officers and/or the Harvey Police Department. See Fed. R. Evid. 403.

If Plaintiff, his witnesses, or counsel, are allowed to testify or argue that they believe the defendant officers or the Harvey Police conferred with other police officers to "cover up" speculative misconduct, it would only serve to confuse the jury. Therefore, this Court should bar any testimony or argument that any conspiracy or otherwise inappropriate coordination of action existed in the Harvey Police Department or with the Defendant officers.

### Implications of a "Code of Silence" or "Blue Wall" Should be Barred

Defendants seek to additionally bar Plaintiff from arguing or testifying regarding generalized allegations of police "code of silence," or that police officers cover up for other police officers, i.e. "blue wall". There is no evidence to support such allegations and is therefore highly speculative and amounts to no evidence at all. See United States v. Santos, 201 F.3d 953, 963 (7th Cir. 2000). The Court in Maldonado v. Stinar granted the City of Chicago's similar motion in limine and stated:

> A verdict based on the assumption that police officers, on every occasion, conspire to conceal evidence is akin to the conclusion that all mechanics, when they have the opportunity, assess overcharges for unnecessary repairs; that all politicians, when the public's back is turned, accept bribes; and that all taxpayers, when they think they can get away with it, cheat on their taxes — and no one ever tells. In a court of law, however, justice is dispensed based on evidence of articulated and proven facts, not on generalized assumptions and prejudices.

No. 08 C 1954, 2010 U.S. Dist. LEXIS 78983, at *10-11 (N.D. Ill. Aug. 5, 2010) (citing Sanders v. City of Indianapolis, 837 F. Supp. 959, 963 (S.D. Ind. 1992)). The sole purpose for the introduction of this argument and testimony is to invoke images in the minds of jurors that officers uncontrollably protect their own. The jury's decision must be based upon facts, not

speculation regarding the general nature of police officers. In some sense, this evidence is no different from bad acts evidence prohibited by Federal Rule of Evidence 404(b). Therefore, pursuant to rules 401, 402, and 403, Plaintiff should be barred from presenting evidence or arguing any alleged police "code of silence" or "blue wall".

## CONCLUSION

WHEREFORE, all testimony, evidence and argument that a conspiracy, "code of silence", and/or "blue wall" existed should be barred. Defendants also requests such other and further relief as this Court deems just.

Respectfully Submitted,

/s/Ken Hurst_____
Attorney for Defendants

Mark Roth
Ken Hurst
Roth Fioretti LLC
311 South Wacker Drive
Suite 2470
Chicago, Illinois 60606
(312) 922-6262
ken@rothfioretti.com