IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D-JUAN OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 7568 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| P.O. ELLISON, P.O. KELLY, Individually and the CITY OF HARVEY, a municipal corporation, | ) ) ) | Magistrate Judge Soat Brown |
| | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S MOTION IN LIMINE #6
### TO BAR CERTAIN HEARSAY STATEMENTS ABOUT
### WHAT OFFICER ELLISION SAID TO PLAINTIFF AT INGALLS HOSPITAL

Now comes the Defendants, Steven Kelley, Joseph Ellison, and the City of Harvey, through their undersigned attorneys, and for their Motion in Limine to Bar Certain Hearsay Statements about what Officer Ellison said to Plaintiff at Ingalls Hospital, states:

**INTRODUCTION**

Defendants seek an Order from this Court excluding Plaintiff, D-Juan Owens, and his counsel, from providing any testimony, evidence or arguments about certain hearsay statements allegedly made by Officer Ellison to Plaintiff at Ingalls Hospital. In Plaintiff's deposition taken on September 3, 2014, Plaintiff testifies that Officer Ellison asked Plaintiff, "…No matter what you've done, what are you going to do about what happened to you?", and Officer Ellison stated that, "This is not the first time that he done this. You need to take some type of action towards it." See Deposition of D-Juan Owens, pg. 96 ln. 9 through pg. 97 ln. 24. Plaintiff thereafter in his deposition testified that, "I just took it for that. I mean, I just heard him. I can't say what he was

1

referring to, but…" Id. This statement is vague, unfairly prejudicial, and hearsay. Therefore, Defendants respectfully request this Court to exclude evidence, testimony, and arguments regarding the aforementioned hearsay statements.

## LEGAL DISCUSSION

<u>The Plaintiff's Testimony Regarding Statements Made to Plaintiff at Ingall Hospital is Hearsay</u>

The statements of Defendant Officer Ellison to Plaintiff at Ingalls Hospital are hearsay and therefore inadmissible under Federal Rule of Evidence 801 and 802. Hearsay is defined as "a statement that: the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement" <u>Fed. R. Evid. 801(c)</u>. The Plaintiff claims the statement was made to him at Ingalls Hospital. This is made outside the court and offered to prove the truth of the matter asserted. Therefore, Rule 802 declares those statements inadmissible and should be barred by this Court. See <u>Fed. R. Evid. 802</u>.

Further, this statement cannot be offered against Defendant Officer Kelley, Ellison, or the City of Harvey. Federal Rule of Evidence 801(d)(2)(A) states in relevant part that, "The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity". The Plaintiff will attempt to offer this statement against Defendant Officer Kelley and the City of Harvey. However, the statement was not made by either party and therefore cannot be admissible against Defendant Officer Kelley and the City of Harvey. Further, the statement is not relevant to any claim and therefore cannot be officer against Defendant Officer Ellison. <u>Fed. R. Evid.</u> 401, 402. As will be subsequently argued, the statement is vague and therefore amounts to no evidence at all. Therefore, Plaintiff may not provide such evidence and this Court should bar the statements of Defendant Officer Ellison to Plaintiff at Ingalls Hospital.

In the Alternative, The Plaintiff's Testimony Regarding Defendant Ellison's Statements<br>
Made to Plaintiff at Ingalls Hospital is Vague and Unfairly Prejudicial

In the alternative, the Plaintiff's testimony regarding Defendant Ellison's statements made to him at Ingalls Hospital are vague and unfairly prejudicial. Therefore, the statements "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, [or] misleading to the jury…" and should be excluded by this Court. Fed. R. Evid. 403. Evidence is unfairly prejudicial "if it will induce the jury to decide the case on an improper basis . . . rather than on the evidence presented." United States v. Deluca, No. 00 CR 387, 2002 U.S. Dist. LEXIS 3805, at *7-8 (N.D. Ill. Mar. 6, 2002) (citing United States v. Pulido, 69 F.3d 192, 201 (7th Cir. 1995)). The vague hearsay statements may mislead the jury and prejudice Defendants from a fair opportunity to defend themselves against Plaintiff's allegations. Therefore, the statement made to Plaintiff at Ingalls Hospital should be excluded by this Court pursuant to Rule 403.

## CONCLUSION

Wherefore, Steven Kelley, Joseph Ellison, and the City of Harvey, requests that this Court enter an order prohibiting Plaintiff, D-Juan Owens, and his counsel from introducing any evidence, testimony or argument at trial regarding statements by Defendant Ellison at Ingalls Hospital to Plaintiff. Defendants also requests such other and further orders as this Court deems just.

Respectfully Submitted,

/s/Ken Hurst_____
Attorney for Defendants

Mark Roth
Ken Hurst
Roth Fioretti LLC
311 South Wacker Drive
Suite 2470
Chicago, Illinois 60606
(312) 922-6262
ken@rothfioretti.com