UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D-JUAN OWENS, | ) | |
| | ) | Case No. 13 CV 7568 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| P.O. ELLISON, P.O. KELLY, | ) | |
| Individually and the CITY OF | ) | JURY DEMAND |
| HARVEY, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF SUPPLEMENTAL MOTION *IN LIMINE*

NOW COMES Plaintiff D-JUAN OWENS ("Owens" or "Plaintiff"), by and through his attorneys, GREGORY E. KULIS and JOSHUA S. PATRICK of GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submits the following reply in support of his supplemental motion *in limine* to strike Defendants' untimely Amended Rule 26(a)(1) disclosures and bar the witnesses disclosed therein, stating as follows

### ARGUMENT

Although Defendants' motion disingenuously tracks the four factors to consider regarding whether a failure to disclose under Rule 26(a) is harmless, they offer no legal authority whatsoever supporting the notion that disclosing witnesses two years after the closure of discovery and two weeks before trial is in any way harmless. To briefly reiterate before pivoting to the crux of the dispute, Plaintiff again acknowledges as he did in his opening brief that he disclosed Dr. Gopi as a witness and thus, his disclosure is not the subject of this motion.

1

Defendants' response does nothing to clarify, however, the purpose for which they intend to call Dr. Almeda, nor does it offer a cogent explanation as to why they waited to disclose him as a witness. The same can be said, most pressingly, with respect to Angela Dyson. Defendants' argument that the late disclosure was harmless is centered around several threadbare propositions – first, that because they produced a copy of her report in response to requests to produce, Plaintiff was "aware" of her; second, that cross-examining her at trial will somehow cure the prejudice caused by her untimely disclosure; and third, the Court has not yet formally entered the Pretrial Order.

The fact that Defendants produced the TASC finding letter authored by Ms. Dyson in response to requests to produce is wholly irrelevant for purposes of Rule 26(a) and do not mitigate Defendants' failure to disclose her as a witness – if anything, it exacerbates the delay. Although the TASC finding letter was produced in response to requests for production, it was never formally disclosed under Rule 26(a). Information and documents of tangential relevance (if any) are routinely produced during the course of discovery.

This, of course, does not mean that every document produced by a party in response to production requests is fair game to be used at trial. If such were the case, then Rule 26(a) would have no practical effect. Moreover, simply producing the TASC finding letter in response to a production request does not automatically mean that Defendants intended to call its author as a witness. This is precisely why Rule 26(a) requires formal disclosure of witnesses and documents to be offered at trial.

Defendants' response, devoid of any legal authority, likewise fails to address the reasoning in *Sys. Dev. Integration, LLC v. Computer Scis. Corp.* to their detriment. Much

2

as was the case in *Sys. Dev. Integration, LLC*, Defendants herein offer underdeveloped theories without citation to authority that do not deign to illustrate why they did not previously disclose the applicable witness, instead simply offering naked appeals to the four factors listed in *Tribble v. Evangelides*. *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 WL 2953063 at *5 (N.D. Ill. 2012).

As the court noted in *Sys. Dev. Integration, LLC*, permitting a party to disclose new witnesses two years after the close of discovery would certainly upset the trial schedule, as the moving party would be permitted to take additional discovery regarding the newly-disclosed witnesses. *Id*. Defendants ignore this fact in the instant dispute, claiming instead that the Plaintiff will not be prejudiced because he may cross-examine Ms. Dyson at trial. Cross-examination at trial is no substitute for discovery, however, and although they amorphously regard her as a rebuttal witness (without giving any indication of what her testimony would rebut), taking Defendants' disclosure at face value, the only subject matter upon which she would testify would be to "her knowledge of Plaintiff's drug use while committing crimes." Had this disclosure been made in 2014 when the documents at issue were produced, Plaintiff would have undertaken discovery to determine what this "knowledge" consists of and the "crimes" to which she refers.

More to the point, and as discussed in Plaintiff's opening brief, this evidence rebuts nothing and is clear, thinly-veiled propensity evidence – i.e. because the Plaintiff has previously committed crimes under the influence of illicit substances, he must have done so here. Nothing in Ms. Dyson's letter/report evidences that Mr. Owens was under the influence during his encounter with Defendants. Such evidence therefore rebuts

nothing, proves nothing, and is offered solely to "dirty up" the Plaintiff with vague statements he made in a context that bears no relevance to the instant dispute.

The disclosures at issue here were made years after discovery closed, on the eve of trial, and would serve nothing more than a transparently improper purpose. Plaintiff would be severely prejudiced if Defendants' disclosures are permitted to stand – indeed, he would be left to practically guess what these witnesses (with the exception of Dr. Gopi) would testify to – and Defendants have come nowhere near meeting their burden of showing harmlessness or substantial justification. The sanctions called for by Rule 37 are therefore mandatory and Plaintiff respectfully requests that the Court bar these witnesses accordingly.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs' Motions in Limine for reasons stated herein and for any further relief the Court deems necessary and just.

Respectfully submitted,

/s/ Joshua S. Patrick

Gregory E. Kulis
Joshua S. Patrick
GREGORY E. KULIS AND ASSOCIATES, LTD.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830