## CHART OF OBJECTED EXHIBITS

**PLAINTIFF**

| Exhibit No. | DESCRIPTION | OBJECTION(S) | RESPONSE |
|---|---|---|---|
| 1 | Medical bills from Ingalls Memorial Hospital | Hearsay, lack of foundation as to its authenticity or source, irrelevant as some of the injuries are not caused by the alleged excessive force, more prejudicial than probative | Per Defendants' refusal to stipulate to the foundation of the medical bills, Plaintiff will introduce them through a subpoenaed custodian of records to lay a proper foundation under FRE 803(6). The unrelated charges can readily and easily be segregated from the remaining charges for relevant medical care and such is not grounds to exclude the exhibit as a whole |
| 2 | Medical bills from Dr. McClellan | Hearsay, lack of foundation as to its authenticity or source, irrelevant as some of the injuries are not caused by the alleged excessive force, more prejudicial than probative | Per Defendants' refusal to stipulate to the foundation of the medical bills, Plaintiff will introduce them through a subpoenaed custodian of records to lay a proper foundation under FRE 803(6). The unrelated charges can readily and easily be segregated from the remaining charges for relevant medical care and such is not grounds to exclude the exhibit as a whole |
| 3 | Medical bills from Cook County Healthcare Systems | Hearsay, lack of foundation as to its authenticity or source, irrelevant as some of the injuries are not caused by the alleged excessive force, more prejudicial than probative | Per Defendants' refusal to stipulate to the foundation of the medical bills, Plaintiff will introduce them through a subpoenaed custodian of records to lay a proper foundation under FRE 803(6). The unrelated charges can readily and easily be segregated from the remaining charges for relevant medical care and such is not grounds to exclude the exhibit as a whole |
| 4 | Bill for services from Bud's Ambulance Service | Hearsay, lack of foundation as to its authenticity or source, irrelevant as some of the injuries are not caused by the alleged excessive force, more prejudicial than probative | Per Defendants' refusal to stipulate to the foundation of the medical bills, Plaintiff will introduce them through a subpoenaed custodian of records to lay a proper foundation under FRE 803(6). The unrelated charges can readily and easily be segregated from the remaining charges for relevant medical care and such is not grounds to exclude the exhibit as a whole |
| 5 | Defendant Kelley's Answers to Interrogatories | Not substantive evidence and may only be used for impeachment if relevent, contains irrelevant infromation not at issue in trial, more prejudicial than probative, unecessary to perfect impeachment, contains information subject to the courts ruling on Defendants Motion in Limine | It is a prior statement by a party, given under oath, and is indeed substantive evidence. The exhibit will not be offered for irrelevant matters. It may be necessary to perfect impeachment depending on Defendant's testimony. Defendants do not articulate how this record is more prejudicial than probative, but in any event, is not unduly prejudicial. |

| Exhibit No. | DESCRIPTION | OBJECTION(S) | RESPONSE |
|---|---|---|---|
| 6 | Defendant Kelley's deposition transcript | Not substantive evidence where witness is testifying in person, the deposition transcript itself may not be introduced into evidence, contains irrelevant infromation not at issue in trial, more prejudicial than probative, unecessary to perfect impeachment, contains information subject to the courts ruling on Defendants Motion in Limine, hearsay | It is a prior statement by a party, given under oath, and is indeed substantive evidence. The exhibit will not be offered for irrelevant matters. It may be necessary to perfect impeachment depending on Defendant's testimony. Defendants do not articulate how this record is more prejudicial than probative, but in any event, is not unduly prejudicial. |
| 7 | Defendant Ellison's Answers to Interrogatories | Not substantive evidence and may only be used for impeachment if relevent, contains irrelevant infromation not at issue in trial, more prejudicial than probative, unecessary to perfect impeachment, contains information subject to the courts ruling on Defendants Motion in Limine | It is a prior statement by a party, given under oath, and is indeed substantive evidence. The exhibit will not be offered for irrelevant matters. It may be necessary to perfect impeachment depending on Defendant's testimony. Defendants do not articulate how this record is more prejudicial than probative, but in any event, is not unduly prejudicial. |
| 8 | Defendant Ellison's deposition transcript | Not substantive evidence where witness is testifying in person, the deposition transcript itself may not be introduced into evidence, contains irrelevant infromation not at issue in trial, more prejudicial than probative, unecessary to perfect impeachment, contains information subject to the courts ruling on Defendants Motion in Limine, hearsay | It is a prior statement by a party, given under oath, and is indeed substantive evidence. The exhibit will not be offered for irrelevant matters. It may be necessary to perfect impeachment depending on Defendant's testimony. Defendants do not articulate how this record is more prejudicial than probative, but in any event, is not unduly prejudicial. |
| 9 | Defendants' Answer to Plaintiff's Second Amended Complaint | There is no second amended complaint and therefore no answers to a second amended complaint, not substantive evidence, contains irrelevant infromation not at issue in trial, more prejudicial than probative, unecessary to perfect impeachment, contains information subject to the courts ruling on Defendants Motion in Limine | The exhibit in question should read "Defendants' Answer to Plaintiff's First Amended Complaint." It is a sworn document signed on behalf of Defendants. Plaintiff will not offer it with respect to the Monell count. Defendants do not articulate how this record is more prejudicial than probative, but in any event, is not unduly prejudicial. |

**DEFENDANT**

| Exhibit No. | DESCRIPTION | OBJECTION(S) | RESPONSE |
|---|---|---|---|
| 105 | Certified Statement of Conviction/Disposition (11C66128101) | More prejudicial than probative, unnecessary to perfect impeachment, as Plaintiff is not contesting that he was charged and convicted in said case | Evidence is subject to judicial notice, court has ruled in the motion in limine that the evidence is not more prejudicial than probative, unknown whether plaintiff will contest he was charged and convicted until trial |

| | | |
|---|---|---|
| 106 Certified Statement of Conviction/Disposition (08C66108101) | More prejudicial than probative, unnecessary to perfect impeachment, as per the Court's Order on motions in limine, it can be elicited that the Plaintiff is a convicted felon, but the specifics of his convictions should not be divulged to the jury | Evidence is subject to judicial notice, court has ruled in the motion in limine that the evidence is not more prejudicial than probative, unknown whether plaintiff will contest he was charged and convicted until trial |