UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D-JUAN OWENS, | ) | |
| | ) | Case No. 13 CV 7568 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| P.O. ELLISON, P.O. KELLY, | ) | |
| Individually and the CITY OF | ) | JURY DEMAND |
| HARVEY, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTION TO SPECIAL INTERROGATORIES**

NOW COMES Plaintiff D-JUAN OWENS ("Owens" or "Plaintiff"), by and through his attorneys, GREGORY E. KULIS and JOSHUA S. PATRICK of GREGORY E. KULIS & ASSOCIATES, LTD., and respectfully submits the following objections to Defendants' proposed special interrogatories, in support thereof stating as follows:

**ARGUMENT**

Under Rule 49(a) of the Federal Rules of Civil Procedure, the formulation of special verdict questions is a matter within the discretion of the trial court. *United States Fire Ins. Co. v. Pressed Steel Tank Co.*, 852 F.2d 313, 316 (7th Cir. 1988). It has been held in this Circuit that, with respect to special interrogatories, "[a]mbiguous, biased, misleading or confusing questions may warrant reversal." *Mattson v. Schultz*, 145 F.3d 937, 939 (7th Cir. 1998). In keeping with such precedent, courts in this District have refused to tender special interrogatories to juries that are redundant or duplicative of the jury instructions and/or verdict forms given in a particular case. *See e.g. Hare v. Zitek*, No. 02 C 3973, 2006 U.S. Dist. LEXIS 54069, at *16 (N.D. Ill. Aug. 3, 2006) ("The

1

question is redundant, given the verdict form, and will, therefore, be refused."); *Jones v. Graphic Arts Finishing Co.*, No. 08 C 3327, 2012 U.S. Dist. LEXIS 189684, at *14 (N.D. Ill. Jan. 13, 2012) ("Graphic Arts's motion to submit special interrogatory #1 to the jury is denied. Special interrogatory #1 is redundant of the agreed portion of I.P.I. Civ. No. 20.01").

Defendants have now filed a second set of special interrogatories, apparently in an ill-fitting attempt to raise the specter of qualified immunity. All that the revised special interrogatories accomplish, however, is to restate the issues the jury will already be instructed upon and to preemptively create an inconsistent verdict where one would otherwise not appear. The two special interrogatories proposed read as follows:

> 1. Do you find from the preponderance of evidence that Defendant Officer Kelley used excessive force in violation of Plaintiff Owens' constitutional rights?
>
> 2. Do you find from a preponderance of the evidence that Defendant Officer Kelley's conduct was objectively reasonable at the time of the incident at issue in this case?

*See* Docket #89. These must be read in conjunction with the parties' proposed jury instructions. Plaintiff's proposed issue instructions (Nos. 24 and 25) read as follows in pertinent part:

> In this case, Plaintiff claims that Defendant Steven Kelley used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:
>
> 1. Defendant used unreasonable force against Plaintiff; and
> 2. Because of Defendant's unreasonable force, Plaintiff was harmed.
>
> *****
>
> You must decide whether Defendant Kelley's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Kelley faced. You must make this decision based on what the officer knew at the time of the detention, not based on

>what you know now. In deciding whether Defendant Kelley's use of force was unreasonable, you must not consider whether Defendant Kelley's intentions were good or bad.
>
>In performing his job, an officer can use force that is reasonably necessary under the circumstances.

*See* Docket #70 at Nos. 24 and 25.

The first special interrogatory does nothing other than trade "unreasonable force" for "excessive force," beyond which it simply restates the applicable jury instruction. This instruction is objectionable on two bases – first, it is plainly redundant of the corresponding instruction. If the jury returns a verdict for the Plaintiff on his false arrest claim, it will already have necessarily determined that Defendant Kelley used excessive force on the Plaintiff. Second, swapping the word "unreasonable" with "excessive" does nothing to change this fact and, if anything, runs the risk of confusing a jury that may, as laypersons, presume a distinction between the two terms where none exists.

The second proposed special interrogatory suffers from the same infirmities. The jury will be instructed that they "must decide whether Defendant Kelley's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Kelley faced." As such, if the jury were to find for the Plaintiff, based upon the instructions given, they will have already determined whether "Defendant Officer Kelley's conduct was objectively reasonable at the time of the incident." It is thus likewise redundant of the pertinent issue instruction. Furthermore, the syntax in the second proposed special interrogatory substitutes "objectively reasonable" for "unreasonable," thus again giving rise to the possibility that a jury made up of laypersons could misconstrue these as different legal standards.

Defendants are thus attempting to bootstrap a qualified immunity argument that should have been argued years ago. Even in that event, however, their efforts are futile. Although it often becomes lost in the analysis of excessive force jurisprudence, the touchstone principle underlying the concept of qualified immunity is to protect government officials from suit "to the extent their conduct 'could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Sornberger v. City of Knoxville, IL*, 434 F.3d 1006, 1013 (7th Cir.2006) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). The analysis itself calls for inquiry into whether the Plaintiff has asserted a violation of a constitutional right and whether the constitutional right was so clearly established at the time of the violation that Defendants would have known that their actions violated the Constitution. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

No reasonable officer would contend that striking an unarmed, surrendered suspect repeatedly about the head and arms with a nightstick would be consistent with the right to be free from excessive force effectuated during the course of an arrest. The parties dispute the locations of the nightstick strikes and the actions that preceded such strikes in this instance. As the Seventh Circuit has bluntly stated with respect to qualified immunity, "raising a defense of qualified immunity in the face of disputed facts that control the answer to the question is a waste of everybody's time." *Dufour-Dowell v. Cogger*, 152 F.3d 678, 680 (7th Cir. 1998).

Defendants are thus requesting special interrogatories simply for the sake of having special interrogatories. They do not raise questions that would test the verdict, but simply restate the instructions the jury will have already received, only with a subtle twist in phrasing. The form is thus both redundant and misleading, and the true goal

4

Defendants likely seek to accomplish (i.e. setting up a qualified immunity defense) would be plainly inapplicable. The Court should, respectfully, refuse to tender these special interrogatories to the jury.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order rejecting Defendants' proposed special interrogatories for reasons stated herein and for any further relief the Court deems necessary and just.

Respectfully submitted,

/s/ Joshua S. Patrick

Gregory E. Kulis
Joshua S. Patrick
GREGORY E. KULIS AND ASSOCIATES, LTD.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830