IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D-JUAN OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 CV 7568 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| P.O. ELLISON, P.O. KELLY, Individually and the CITY OF HARVEY, a municipal corporation, | ) ) ) | Magistrate Judge Soat Brown |
| | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED DEPOSITION DESIGNATIONS FOR DEXTER MOORE**

Now comes the Defendants, Steven Kelley, Joseph Ellison, and the City of Harvey, through their undersigned attorneys, Roth Fioretti LLC, and for Reply to Plaintiff's Objections to Defendants' Proposed Deposition Designations for Dexter Moore, states:

| Page(s) | Lines(s) | Response |
|---|---|---|
| 7 | 14-20 | Plaintiff's designated lines 10-13 which asks Moore whether he goes by any nicknames. Moore responds "Larry". Therefore, Plaintiff opened the door and made relevant as to why he uses that nickname "Larry". |
| 9 | 13-15 | Moore was allegedly in the car with Plaintiff before he entered the Ridez car dealership. Moore claims that after the occurrence he did not drive the car home and left the vehicle. Therefore it is relevant as to why Moore did not drive the vehicle home. |
| 9-10 | 19-24;1-5 | Plaintiff's designated lines 10-13 which asks Moore whether |

1

|  |  |  |
|---|---|---|
|  |  | he goes by any nicknames. Moore responds "Larry". Therefore, Plaintiff opened the door and made relevant as to why he uses that nickname "Larry". |
| 11-12 | All | Moore claims to have been a lookout for Plaintiff while he stole catalytic converters from the car dealership. Moore's plan was to call Plaintiff in the event he needed to warn Plaintiff. Therefore Moore's phone number is relevant. |
| 13 | 4-9 | Plaintiff designated whether Moore was living in Illinois in Ocotber 2011. Therefore the question as to whether he had a different phone number in Illinois is relevant. |
| 14 | 4-15 | Plaintiff designated the questions as to who Moore lived with and he responded his brothers. Therefore Plaintiff opened the door regarding who those brothers were that Moore lived with. |
| 19-20 | 5-24;1 | Plaintiff designated questions regarding why Moore moved back to Alabama and whether he had a job lined up when he left. Moore responded that he was doing construction. Therefore, Plaintiff opened the door regarding Moore's construction job. Moreover, Plaintiff designated the question whether Moore filed a lawsuit before. This was asked because of Moore's workplace injury. Therefore, once again Plaintiff opened the door as to Moore's workplace injury. |
| 22-23 | All(22); 1-8 | Plaintiff designated Moore's workplace history, i.e. page |

| | | |
|---|---|---|
| | | 21, therefore opening the door as to Moore's workplace history, moreover a witness' history is relevant. |
| 25 | 13-14;16-24 | Plaintiff designated the question asking whether Moore has stole catalytic converters with Plaintiff before and Moore responded affirmatively. Therefore Plaintiff opened the door as to further questioning regarding how many times they have done this before. |
| 43 | 8-9 | Plaintiff subsequent designation continues to ask which way the Plaintiff leaves the dealership. Therefore it is relevant to show why the continued questioning occurred. |
| 72 | 1-3 | Plaintiff designed the reasoning of Moore as to why he came to Chicago. Therefore Plaintiff opened the door as to how long Moore was planning on staying in Chicago. |
| 73-74 | 22-24;all (74) | Not hearsay as this goes to Moore's knowledge as to what happened to Plaintiff. |
| 79 | 10-13 | Plaintiff designated the question whether it as the first time that Moore has seen Plaintiff since the incident. Therefore Plaintiff opened the door as to whether Moore as seen him. Further the subsequent designation of Plaintiff asked how often Moore as spoken to Plaintiff over the phone. This stems from Defendants' designation that Moore has talked to Plaintiff over the phone. |
| 81-83 | 11-24 (81);all (82); 1-12(83) | Plaintiff designated whether |

|  |  | Moore has ever talked to D-Juan's attorney about the case. Moore responds that this is the first time Moore has meet D-Juan's attorney. We learn this is false via Defendants' designations. Plaintiff therefore opened the door as to Defendants' designations. |
|---|---|---|

WHEREFORE, the Defendants, Steven Kelley, Joseph Ellison, and the City of Harvey, respectfully request that this Court deny Plaintiff's objections and allow the Defendants' Proposed Designations. The Defendants request and further relief this Court deems necessary and just.

Respectfully Submitted,

/s/Ken Hurst_____
Attorney for Defendants

Mark Roth
Ken Hurst
Roth Fioretti LLC
311 South Wacker Drive
Suite 2470
Chicago, Illinois 60606
(312) 922-6262
ken@rothfioretti.com

4