**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| D-JUAN OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-7568 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| P.O. ELLISON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND OPINION ORDER**

Before the Court is Plaintiff D-Juan Owens's supplemental motion *in limine* [81] to strike

Defendants' amended Rule 26(a)(1) disclosures and bar proposed defense witnesses Angela

Dyson and Dr. Francis Almeda from testifying. For the reasons discussed below, the Court

grants Plaintiff's supplemental motion *in limine* [81]. This case remains set for a jury trial to

commence on April 3, 2017. As discussed at the final pretrial conference, the Court directs the

parties to submit revised exhibit lists that take into account the Court's pre-trial rulings no later

than 12:00 p.m. (noon) on March 31, 2017.

## I.      Background

The background of Plaintiff's excessive force claim against Defendant Steven Kelley and

failure to intervene claim against Defendant Joseph Ellison is detailed in the Court's ruling on

the parties' motions *in limine* [85].

## II.     Legal Standard

A motion *in limine* is a motion made "at the outset" or "preliminarily." BLACK'S LAW

DICTIONARY 803 (10th ed. 2014). Motions *in limine* may be used to eliminate evidence "that

clearly ought not be presented to the jury because [it] clearly would be inadmissible for any

purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997). The party seeking to exclude evidence "has the burden of establishing the evidence is not admissible for any purpose." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). The power to rule on motions *in limine* inheres in the Court's role in managing trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Because motions *in limine* are filed before the Court has seen or heard the evidence or observed the trial unfold, rulings *in limine* may be subject to alteration or reconsideration during the course of trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### III. Analysis

Plaintiff moves to strike Defendants' untimely amended Rule 26(a)(1) disclosures and bar the witnesses disclosed therein. Plaintiff asserts that Defendants' initial Rule 26(a) disclosures were tendered on or about April 2, 2014 and disclosed only two witnesses: Defendants Ellison and Kelley. Fact discovery closed on December 31, 2014. According to Plaintiff, in the parties' joint proposed pretrial order [71], filed on February 28, 2017, Defendants indicated for the first time that they intended to call Angela Dyson as a witness, and Plaintiff objected to her inclusion as a witness. Then, on March 21, 2017, Defendants tendered to Plaintiff's counsel an amended Rule 26(a) disclosure naming as "will-call" witnesses Dyson, Dr. Francis Almeda, and Dr. Ram Gopi, in addition to Plaintiff and Defendants Ellison and Kelley. [See 80.]

Plaintiff has no objection to Dr. Gopi, who was previously disclosed as one of Plaintiff's "will call" witnesses and is presently under subpoena to testify at trial. [81, at 3 n.1.] However, Plaintiff objects to Dyson and Dr. Almeda as untimely. Plaintiff also argues that the testimony of Dyson, who evaluated Plaintiff's fitness for pretrial addiction treatment, would be highly

prejudicial. Defendants' amended Rule 26(a) disclosures identify Dyson's potential testimony as "her knowledge of Plaintiff's drug use while committing crimes." Plaintiff contends that since Dyson's report does not identify any specific information indicating that Plaintiff had used drugs on the day at issue, her testimony would constitute improper propensity evidence. In their response to Plaintiff's motion, Defendants now propose to call Dyson as an impeachment witness. [86, at 2.] Plaintiff requests that the Court strike Defendants' untimely disclosure and bar the newly-named witnesses.

Pursuant to Federal Rule of Evidence 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence * * * at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under Rule 26(e)(1)(a), "a party who has made a disclosure under Rule 26(a) * * * must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(a).

Here, Defendants' attempt to disclose additional witnesses did not comply with their Rule 26(e) obligation to "timely" supplement their disclosures, as Defendants are attempting to disclose additional witnesses nearly three years after their initial Rule 26(a) disclosures, more than two years after the close of discovery, almost one month after the filing of the joint proposed pretrial order, and less than two weeks before the start of trial. Exclusion of the untimely-disclosed witnesses is automatic and mandatory unless Defendants can meet their burden to show that the untimely disclosure was substantially justified or harmless. *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012), as amended (Feb. 2, 2012) ("Under Rule 37(c)(1) 'exclusion of non-disclosed evidence is automatic and mandatory * * * unless non-

3

disclosure was justified or harmless.'" (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)); see also *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 WL 2953063, at *2 (N.D. Ill. July 19, 2012). District courts have broad discretion to determine whether Defendants' failure to comply with Rule 26(e) is substantially justified or harmless. See *Keach v. U.S. Trust Co.*, 419 F.3d 626, 640 (7th Cir. 2005). In making this determination, courts are to consider:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

*Tribble*, 670 F.3d at 760.

Defendants have not demonstrated that their untimely disclosure was justified. Defendants argue that since Dyson and Dr. Almeda's reports and records were disclosed on May 9, 2014 during written discovery, Plaintiff was aware of the witnesses and the subject of their testimony and will not be prejudiced. Alternatively, Defendants argue, without citing any case law, that even if the disclosures were untimely, Plaintiff will be able to cure any prejudice through cross-examination, the trial will not be disrupted because the Court has not entered a final pre-trial order, and there was no bad faith or willfulness involved.

The Court is not persuaded by Defendants' arguments. Defendants' disclosure of Dyson's and Dr. Almeda's records and reports in their discovery production along with other medical records and documents, without naming Dyson and Dr. Alemda in their Rule 26(a) disclosures, is not sufficient to comply with the Rule 26 disclosure requirements. See Fed. R. Civ. P. 26(a) ("[A] party must * * * provide to the other parties * * * the names * * * of each individual likely to have discoverable information * * * that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]"); *Ott v. City of*

4

*Milwaukee*, 2015 WL 1219587, at *15 (E.D. Wis. Mar. 17, 2015) ("The fact that [the names of the untimely disclosed witnesses] appear somewhere within [ ] about 35,000 pages of discovery and police reports including 3,000 names does not comply with Rule 26(a)(1)(A)(i) and Rule 26(e)'s continuing requirement that parties disclose the names of individuals likely to have discoverable information."). The requirements of Rule 26(a)(1) are not at all onerous and formally identifying at least the name of the person with discoverable information and the basic subject matter of the that person's knowledge sets in motion the full panoply of discovery methods available to both sides in our adversarial system. Parties rely on these disclosures in deciding the written and oral discovery they wish to pursue. Even if a close review of the documents produced in the case might have identified Dyson and Dr. Almeda as persons with information about the case, Plaintiff was entitled to accept the absence of disclosure at any time before the eve of trial as an indication that Defendants did not intend to call either as a witness in this case. Reopening discovery at this late stage certainly would disrupt the parties' preparation for the impending trial, which is not warranted—especially given that the case has been set for trial for several months and has been pending for more than three years. Additionally, unless Dyson observed Plaintiff at or near the time of his encounter with Defendants, her testimony about Plaintiff's alleged substance abuse would constitute impermissible propensity evidence.[1] Therefore, the Court grants Plaintiff's motion to exclude Defendants' untimely disclosed

---

[1] The Court acknowledges that Defendants state in their response brief that they "will call Dyson as an impeachment witness," [86, at 2], and that Rule 26(a) requires disclosure of individuals likely to have discoverable information "unless the use would be solely for impeachment," Fed. R. Civ. P. 26(a)(1)(A)(i). However, to the extent that Defendants seek to impeach Plaintiff through Dyson's testimony about Plaintiff's alleged history of prior illegal drug use on occasions other than the date of his arrest giving rise to this litigation, it would be improper in any event. See *Henderson v. DeTella*, 97 F.3d 942, 949 (7th Cir. 1996) (concluding that the district court did not err in excluding an impeachment witness who would have testified that he had known a fact witness to use drugs on many occasions and explaining that "[a]bsent a connection to [the fact witness's] cognitive abilities, [the impeachment witness's] testimony would have served only to impeach her character, a purpose [the Seventh Circuit] ha[s] repeatedly deemed improper.").

witnesses Dyson and Dr. Almeda.  See *Sys. Dev. Integration, LLC v. Computer Scis. Corp.*, 2012 WL 2953063, at *2 (N.D. Ill. July 19, 2012) (explaining that Rule 26(e) does not allow a party to wait until more than two years after the close of discovery to supplement its initial disclosures as trial is approaching).

## IV.     Conclusion

For the reasons set forth above, the Court grants Plaintiff's Supplemental *Motion in Limine* [81].  This case remains set for a jury trial to commence on April 3, 2017.  As discussed at the final pretrial conference, the Court directs the parties to submit revised exhibit lists that take into account the Court's pre-trial rulings above no later than 12:00 p.m. (noon) on March 31, 2017.


Dated: March 31, 2017                                    _____
                                                        Robert M. Dow, Jr.
                                                        United States District Judge